BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|   |   |
|---|---|
| In re: TrueCar Shareholder Derivative Litigation | ) ) ) ) ) | MDL No. 2900 |

PLAINTIFF ARA AFARIAN'S RESPONSE TO TRUECAR DEFENDANTS'
MOTION FOR TRANSFER OF ACTIONS AND FOR CONSOLIDATION
PURSUANT TO 28 U.S.C. § 1407

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Ara Afarian, plaintiff in the consolidated stockholder derivative action entitled *In re TrueCar, Inc. Shareholder Derivative Litigation*, Case No. 1:19-cv-00617 (D. Del., filed April 1, 2019), respectfully submits this response to TrueCar Defendants' motion for transfer of actions and for consolidation pursuant to 28 U.S.C. § 1407.

Plaintiff Afarian agrees that the consolidation and transfer of the Related Actions[1] for coordinated pretrial proceedings is warranted because the Related Actions arise out of a common nucleus of facts and assert many of the same legal claims.  In particular, each of the plaintiffs in the Related Actions allege that the TrueCar Defendants knowingly and/or recklessly caused the Company to issue false and misleading statements or otherwise failed to disclose material adverse facts about TrueCar's business operations and financial health, in breach of their fiduciary duties owed to the Company and in violation of the Securities Exchange Act of 1934 (the "Exchange

---

[1] The Related Actions include the following actions: *Afarian v. Perry, et al.*, Case No. 1:19-cv-00617 (D. Del.); *Niemi v. Perry, et al.*, Case No. 1:19-cv-00625 (D. Del.) (by order of the Delaware District Court dated April 18, 2019, the *Afarian* and *Niemi* actions were consolidated *as In re TrueCar, Inc. Shareholder Derivative Litigation*, Case No. 1:19-c-cv-00617); and *Drulias v. Guthrie, et al.*, Case No. 2:19-cv-01636 (C.D. Cal.).

Act"). Given that the Related Actions involve similar factual allegations and legal standards, all parties will benefit from the judicial efficiencies and convenience to be achieved from the consolidation and transfer of the actions to a single, centralized forum.

Plaintiff Afarian also submits that the District of Delaware or the Central District of California are logical forums to conduct the coordinated proceedings.

## II. THE RELATED ACTIONS ARE WELL-SUITED FOR TRANSFER FOR COORDINATED PRETRIAL PROCEEDINGS

The Panel may transfer and coordinate two or more civil cases for pretrial proceedings upon a determination that the cases "involv[e] one or more common questions of fact," transfer and coordination would further "the convenience of parties and [the] witnesses," and transfer and coordination will "promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). "The purpose of § 1407 . . . is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Multidistrict Private Civil Treble Damage Litig.*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968). Indeed, centralization is meant to "eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary." *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 254 F. Supp. 3d 1381, 1382 (J.P.M.L. 2017).

Here, transfer and coordination under § 1407 is appropriate because the Related Actions – all of which are stockholder derivative actions brought on behalf of TrueCar – involve many of the same defendants, witnesses, factual allegations, and legal issues. *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 2014 WL 3908000, at *1-2 (J.P.M.L. 2014) (holding that transfer and consolidation were appropriate to eliminate duplicative discovery when actions shared a common factual core); *In re Enron Corp. Secs. Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375,

1376 (J.P.M.L. 2002) (granting transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification); *see also Manual for Complex Litigation (Fourth)*, § 20.131, at 219 (transfer is appropriate when it will eliminate duplicative discovery, avoid conflicting rules and schedules, reduce litigation cost, and conserve time and effort among the parties, attorneys, witnesses, and courts). Therefore, absent transfer and consolidation, the *separate* litigation of each of the Related Actions would result in the unnecessary and inordinate expense of overlapping discovery (including expert discovery), along with other avoidable inefficiencies. Indeed, if the Related Actions are allowed to proceed independently, different federal courts would likely hear and adjudicate the same legal issues raised in each of the Actions, which could result in contradictory findings on significant pretrial disputes. Litigation of this nature and importance should not be beset with such inconsistencies and inefficiencies.

Given the similarity of the Related Actions and the potential for duplicative discovery, transfer and consolidation would inevitably conserve the resources of the parties. *See, e.g., In re Air Crash at Dallas/Fort Worth Airport*, 623 F. Supp. 634, 635 (J.P.M.L. 1985). It would also conserve the resources of the judiciary, as it would assign responsibility for overseeing a pretrial plan to one judge, as opposed to multiple federal judges in disparate forums. *See, e.g., In re Pineapple Antitrust Litig.*, 342 F. Supp. 2d 1348, 1349 (J.P.M.L. 2004). The Panel should therefore order the transfer of the Related Cases to a single forum where they can be coordinated for pretrial proceedings.

### III. THE RELATED ACTIONS SHOULD BE CENTRALIZED FOR COORDINATED PRETRIAL PROCEEDINGS IN THE DISTRICT OF DELAWARE OR THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff Afarian respectfully submits that efficiency and convenience will be maximized if the cases are centralized in the District of Delaware or the Central District of California.

Plaintiff Afarian initially brought his stockholder derivative action in the District of Delaware, where it is presently presided over by the Honorable Colm F. Connolly, a well-respected jurist, whose background as a former United States Attorney and extensive experience in private practice makes him well-suited to serve as the transferee judge overseeing the litigation.  Notably, because the Related Actions assert breach of fiduciary duty claims against certain officers and directors of TrueCar (a Delaware corporation), the litigation will most likely involve procedural and substantive issues of Delaware corporate law – issues that Judge Connolly has considerable experience handling as a member of the federal bench of the District of Delaware.  Also, no other multidistrict proceedings are currently assigned to Judge Connolly, which is yet another factor that supports Judge Connolly's appointment as the transferee judge of this MDL.  *See* MDL Statistics Report, Distribution of Pending MDL Dockets by District, dated May 15, 2019.

Moreover, the District of Delaware is readily accessible and will provide a relatively convenient forum for many of the parties and witnesses involved in the litigation.  *See In re Intel Corp. Microprocessor Antitrust Litig.*, 403 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005) (holding that the District of Delaware is "an accessible location that is geographically convenient for many of this docket's litigants and counsel" and that the District is "well equipped with the resources" for handling complex litigation); *see also, In re Mobile Telecomms. Techs., LLC, Patent Litig.*, 222 F. Supp. 3d 1337 (J.P.M.L. 2016) (finding that transfer to the District of Delaware "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation").

The Central District of California would also serve as an appropriate forum for the transfer and centralization of the Related Actions.  Because TrueCar is headquartered in Santa Monica, California (within the Western Division of the Central District of California), fact witnesses,

4

corporate documents, and other evidence will be located and accessible in the Central District of California. *See, e.g., In re Sears, Roebuck & Co.,* 381 F. Supp. 2d 1383, 1384 (J.P.M.L. 2005) ("relevant discovery will likely be found within this district, because Sears's corporate headquarters and many of its documents and witnesses are located there."). As the "home" district for TrueCar and a number of the Individual Defendants named in the Related Actions, the Central District of California would serve as a convenient forum that would foster the efficient conduct of the litigation.

One of the Related Actions, the action entitled *Drulias v. Guthrie, et al.,* Case No. 2:19-cv-01636, is already proceeding in the Central District of California before the Honorable Stephen V. Wilson. Appointed to the federal bench in 1985, Judge Wilson is an experienced and well-respected jurist who has overseen numerous shareholder actions and other complex litigation. Judge Wilson also has the benefit of presiding over the securities class action case brought against certain of the TrueCar Defendants (*Milbeck v. TrueCar, Inc., et al*., Case No. 2:18-cv-02612), which involves many of the underlying factual allegations as the Related Actions and has progressed beyond the pleading stage. Notably, Judge Wilson has not been assigned any other multidistrict proceeding. *See* MDL Statistics Report, Distribution of Pending MDL Dockets by District, dated May 15, 2019. Judge Wilson is certainly well-qualified and eminently capable of serving as the transferee judge for the Related Actions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Afarian submits that the Related Actions, and any tag-along actions, should be centralized and transferred to the District of Delaware or Central District of California for coordinated pretrial proceedings.

                                                  Respectfully submitted,

Dated: May 28, 2019                  JOHNSON FISTEL, LLP

_____
PHONG L. TRAN
FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
phongt@johnsonfistel.com
frankj@johnsonfistel.com

*Counsel for Plaintiff Ara Afarian*